UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00145-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINCY D. HOOVER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 267) filed *pro se* by petitioner, Quincy D. Hoover ("Hoover"). The Government has answered the motion. See Record Document 274. For the following reasons, Hoover's motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 23, 2014, a federal grand jury returned a six-count Indictment against Hoover. See Record Document 13. On January 7, 2015, Hoover pled guilty to Counts One and Five of the Indictment. See Record Documents 124 & 126. Specifically, Hoover pled to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 864 and one count of possession of a firearm during drug trafficking in violation of 18 U.S.C § 924(c)(1)(A). See id.

On June 29, 2015, Hoover was sentenced to a total of 168 months imprisonment and a subsequent term of five years supervised release. See Record Document 189 & 191. On November 14, 2017, Hoover filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See Record Document 267. In his motion, Hoover claims ineffective assistance of counsel on four grounds: 1) failure to challenge use of the Title III wiretap; 2) failure to object to the district court's refusal of his allocution;

3) failure to object to the quantity of drugs for which he was charged with possessing; and 4) failure to challenge the lack of evidentiary support for Count 5 of the indictment. See id.

## LAW AND ANALYSIS

### I.      Standard of Review

After conviction and exhaustion of defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982) ("[A] final judgment commands respect."). Consequently, under 28 U.S.C. § 2255, a defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citation omitted).

However, even if a defendant has issues that are constitutional or jurisdictional in nature, he may still be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must first show cause, or some external impediment that prevented him from raising the new claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). A defendant must then meet the actual prejudice test by demonstrating "an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233. A narrow exception to the two-pronged analysis exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232.

## II. Analysis

Presently, Hoover claims his sentence should be vacated and he should be resentenced because of ineffective assistance of counsel during his sentencing hearing. See Record Document 267. Denial of one's Sixth Amendment right to effective assistance of counsel falls under the umbrella of permissible claims for a Section 2255 motion; however, it is noted by the Court that Hoover failed to make such a claim on his direct appeal. In light of this, Hoover's claim must survive the procedural analysis of Section 2255 to move forward.

As to prong one, a showing of cause, Hoover contends his reason for failing to bring his ineffective assistance claim on direct appeal is because he had ineffective assistance in the appeal itself. The U.S. Supreme Court has found ineffective assistance of counsel to be a sufficient external factor to have impeded the defendant's ability to bring the claim in the initial appeal so as to constitute "cause." McClesky v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470 (1991).

For the second prong of the procedural analysis, Hoover must prove that he suffered actual prejudice from the lack of effective counsel. Here, it cannot be said that Hoover was the victim of an actual and substantial disadvantage at his sentencing that he was deprived of a constitutional right to counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show that his counsel's performance was deficient, and that the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688 104 S.Ct. 2052, 2065. Specifically, counsel's deficient performance must result in actual prejudice to the defendant meaning

the defendant must show there a "reasonable probability[1] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 695, 104 S.Ct. at 2068.

Hoover presented four instances where he believes his counsel, Mr. Salomon, was deficient in his representation. However, this Court does not find that Mr. Salomon's actions fell below the standard of reasonableness so that Hoover suffered actual prejudice. As to Hoover's first argument, Mr. Salomon made what the Court believes to be strategic decisions in his representation of Hoover to which the Court may give great deference. Hoover's remaining three arguments appear to be an inaccurate recounting of the record. Because he has failed to prove the presence of actual prejudice in his case, Hoover's claim of ineffective assistance of counsel does not pass the procedural restrictions of Section 2255.

## CONCLUSION

The Court finds that Hoover's Motion to Vacate, Set Aside, or Correct Sentence is procedurally barred. The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 267) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts.

---

[1] A "reasonable probability" is one enough to undermine the confidence of the outcome. See Strickland, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068.

Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, this 2nd day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT