UNITED STATES DISTRICT COURT
WESTERN DISTRCIT OF LOUISIANA
SHREVEPORT DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 14-0145-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINCY D. HOOVER | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 267) filed *pro se* by petitioner, Quincy D. Hoover ("Hoover"). For the following reasons, Hoover's Motion is **DENIED**

### FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2014, a federal grand jury returned a six-count indictment against Hoover. See Record Document 13. On January 7, 2015, Hoover pled guilty to Counts one and five of the indictment. Specifically, Hoover pled to one count of conspiracy to distribute narcotics in violation of 21 U.S.C § 841(a)(1) and 864 and one count of possession of a firearm during drug trafficking in violation of 18 U.S.C § 924(c)(1)(A). Id.

On June 29, 2015, Hoover was sentenced to a total of 168 months imprisonment and a subsequent term of five years supervised release. See Record Document 267-4. On November 14, 2017, Hoover filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See Record Document 267. In his motion, Hoover claims ineffective assistance of counsel on four grounds: 1) failure to challenge use of the Title III wire tape; 2) failure to object to the District Court's refusal of his allocution; 3) failure to object to the quantity of drugs for which he was charged with possessing; and

4) failure to challenge the lack of evidentiary support for Count 5 of the indictment. See id.

## STANDARD OF REVIEW

After conviction and exhaustion of defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982) ("[A] final judgment commands respect."). Consequently, under 28 U.S.C. § 2255, a defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citation omitted).

However, even if a defendant has issues that are constitutional or jurisdictional in nature, he may still be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must first show cause, or some external impediment that prevented him from raising the new claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). A defendant must then meet the actual prejudice test by demonstrating "an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233. A narrow exception to the two-pronged analysis exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232.

## **LAW AND ANALYSIS**

Presently, Hoover claims his sentence should be vacated and resentenced because of ineffective assistance of counsel during his sentencing hearing. See Record Document 267. Denial of one's 6th Amendment right to effective assistance of counsel falls under the umbrella of permissible claims for a section 2255 motion. While the Court notes that Hoover failed to make such a claim on his direct appeal, a defendant is free to bring an ineffective assistance claim for the first time on collateral review. See Massaro v. U.S., 538 U.S. 500, 508, 123 S.Ct. 1690, 1696 (2003).

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show that his counsel's performance was deficient and that the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688 104 S.Ct. 2052, 2065. The proper standard for attorney performance is that of "reasonably effective assistance." Id. In scrutinizing attorney performance, the Court may be highly deferential. Counsel must be free to make strategic and tactical choices when representing his client. In addition, counsel's deficient performance must result in actual prejudice to the defendant meaning the defendant must show there a "reasonable probability[1] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 695, 104 S.Ct. at 2068.

Hoover presents four instances where he believes Mr. Salomon his counsel was deficient in his representation. However, this Court does not find that Mr. Salomon's actions fell below the standard of reasonableness so that Hoover suffered actual prejudice. As to Hoover's first argument, Mr. Salomon made what the Court believes to

---

[1] A "reasonable probability" is one enough to undermine the confidence of the outcome. See Strickland, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068.

be strategic decisions in his representation of Hoover. Mr. Salomon chose not to file a motion to suppress the information gained from the Title III wiretap after receiving and reviewing the documents, affidavits, and application which the Court finds to be a both a reasonable and permissible choice. Failure to file a motion to suppress may constitute deficient performance when "no competent attorney would think a motion to suppress would have failed." Premo v. Moore, 562 U.S. 115, 124, 131 S.Ct. 733, 741 (2011).

Hoover's remaining three arguments fail to present evidence of deficient performance or prejudice to Hoover. Hoover contends his counsel failed to object when the district court did not address Hoover personally during the time allotted for allocution. However, when Hoover presented this claim on direct appeal, the Fifth Circuit Court of Appeals held that Hoover did not prove that a miscarriage of justice had occurred because he failed to state anything that would have impacted the decision of the district court. See Record Document 245. Hoover next argues his counsel did not object to the quantity of drugs for which he was being charged; however, Mr. Salomon filed an objection to the calculation in the presentence report and the calculation was corrected by the Court. Finally, Hoover asserts that his counsel did not advise him of the evidence needed to sustain his conviction for possession of a firearm during drug trafficking nor did counsel seek discovery to rebut this charge. Both claims are inaccurate and lack merit. Hoover was informed of the nature of the charges brought against him at both the plea stage and sentencing. Moreover, the Court granted counsel's oral motion for Rule 16 discovery and counsel received discovery on August 18, 2014. See Record Document 44.

Because the grounds upon which Hoover claims ineffective assistance fail to prove either deficient performance by Mr. Salomon or actual prejudice to Hoover, Hoover's ineffective assistance of counsel claim does not pass the threshold of Strickland.

## CONCLUSION

The Court finds that Hoover's Motion to Vacate, Set Aside, or Correct Sentence (Record Document 267) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, this 13th day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT