# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00145-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| QUINCY D. HOOVER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a "Moton for Reduction of Sentence under 18 USC 3582(c)(1)(a) (Compassion Release) Pursuant to the Amendment 821 and 814" (Record Document 336) filed *pro se* by Quincy D. Hoover ("Hoover"). Hoover seeks a reduced sentence in the range of 75-97 months based on Part C of Amendment 821 and Amendment 814.[1]

Part C of Amendment 821 amends United States Sentencing Guideline § 4 A1.3 Commentary to include prior marijuana possession sentences as an example of when a downward departure may be warranted for criminal history reasons. Part C is not retroactive. Amendment 814 revised United States Sentencing Guideline § 1B1.13, also known as the Sentencing Commission's Compassionate Release policy statement. The revision made Section 1B1.13 applicable to both defendant-filed and BOP-filed motions. In part, the amendment responded to a circuit split concerning when, if ever, changes in law may be considered in ruling on a sentence reduction motion under Section 3582(c)(1)(A). The amendment adopted a tailored approach, permitting the consideration of changes in law only under limited circumstances and only within the framework of unusually long sentences.

---

[1] Both of these amendments were promulgated in April 2023 and took effect November 1, 2023.

Here, Hoover seeks leniency to have the Court reduce his sentence based on Part C of Amendment 821, as it provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for simple possession of marijuana for personal use. Hoover submits that if he were sentenced today, the Court would have the discretion of not adding one criminal history point for personal use of marijuana. Part C of Amendment 821 did not amend or revise Section 4 A1.3, but rather amended the commentary. Additionally, it is not retroactive. Moreover, Hoover's reliance on Amendment 814 requires a "change in law." Record Document 336. Part C of Amendment 821 did not change the law and Hoover has not identified any other "change in law" that could potentially provide relief under Amendment 814. This, his "Moton for Reduction of Sentence under 18 USC 3582(c)(1)(a) (Compassion Release) Pursuant to the Amendment 821 and 814" (Record Document 336) must be **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, this 25th day of September, 2024.

_____
United States District Judge