**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 14-00145-01

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

QUINCY DEMOND HOOVER                        MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is Quincy Demond Hoover's ("Hoover") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 340) and the Government's Response in Opposition (Record Document 352). For the reasons set forth below, Hoover's Motion is **DENIED**.

### FACTUAL BACKGROUND

On July 23, 2014, a federal grand jury issued a multi-count indictment charging Hoover and several codefendants with various drug trafficking offenses under 21 U.S.C. § 841(a)(1). See Record Document 352 at 1. Hoover was also charged with possessing a firearm as a convicted felon and possessing a firearm in furtherance of a drug trafficking offense. See id. Hoover ultimately pled guilty to Drug Conspiracy and Possessing a Firearm in Furtherance of a Drug Trafficking Offense. See id.

On July 13, 2015, the Court sentenced Hoover to a term of 168 months of imprisonment. See id. Hoover is currently incarcerated at FCI Pollock, and his projected release date is October 4, 2026. See id. at 2.

This is not Hoover's first request for a sentence reduction. Hoover previously filed multiple motions seeking relief under Amendments 821 and 814, each of which was denied by this Court. See Record Documents 328, 332, & 336. Hoover now files the

instant motion, again seeking a reduction in his sentence based on those same amendments.

## LAW AND ANALYSIS

### I.      Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Hoover moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

### II.     Analysis

Hoover seeks a reduction in his sentence based on Amendments 821 and 814 to the Sentencing Guidelines, arguing that his criminal history score would be lower if he were sentenced today and that his sentence is therefore "unusually long." Record Document 340 at 1. Hoover also relies on United States v. Jean in support of his argument

2

that non-retroactive changes in the law may be considered in determining whether extraordinary and compelling reasons exist. See 108 F.4th 275 (5th Cir. 2024). However, binding Fifth Circuit precedent forecloses Hoover's argument. In United States v. Austin, the Fifth Circuit held that non-retroactive changes in the law do not constitute extraordinary and compelling reasons for a sentence reduction. See 125 F.4th 688 (5th Cir. 2025). The court further clarified that United States v. Jean was wrongly decided and does not control where it conflicts with prior precedent. See Austin, 125 F.4th at 692–93. Here, Hoover's request is premised on non-retroactive amendments to the Sentencing Guidelines. As such, under Austin, those changes cannot serve as a basis for compassionate release. See id. Accordingly, Hoover has failed to meet his burden of establishing extraordinary and compelling reasons warranting relief.

Even if Hoover had demonstrated extraordinary and compelling reasons, the Court would deny relief after considering the factors set forth in 18 U.S.C. § 3553(a). Hoover participated in a significant drug trafficking conspiracy involving large quantities of controlled substances, possessed firearms in connection with his drug trafficking activities, and has an extensive criminal history involving drug-related offenses. See Record Document 201.

The Court imposed a total sentence of 168 months of imprisonment. Hoover has served a substantial portion of that sentence, but a reduction would nonetheless undermine the seriousness of the offense, fail to promote respect for the law, and fail to provide adequate deterrence and protection to the public. Accordingly, the § 3553(a) factors weigh strongly against a reduction in Hoover's sentence.

**CONCLUSION**

Based on the reasons explained above, Hoover's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Record Document 340) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT